Brian J. O'NEILL, II, Plaintiff–Appellant,

v.

RICHLAND COUNTY BOARD, Sam Hearring, Fred Prosser, et al., Defendants–Appellees.

No. 04–2240.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 22, 2004.

Rehearing Denied Nov. 23, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Brian J. O'Neill, II, Olney, IL, pro se.

Patrick J. Londrigan, Heyl, Royster, Voelker & Allen, Springfield, IL, for Defendants–Appellees.

Before MANION, EVANS, and SYKES, Circuit Judges.

### ORDER

Brian O'Neill brought this lawsuit, claiming that the Richland County Board of Supervisors violated his constitutional rights by adjourning a board meeting before giving him an opportunity to speak, and seeking one billion dollars in damages. We understand his *pro se* brief to appeal the district court's adverse grant of summary judgment on his First and Fourteenth Amendment claims, as well as its denial of his motion for appointment of counsel. O'Neill's claims are meritless, and we affirm the district court's resolution of them.

The facts are straightforward. O'Neill attended the July 9, 2002 meeting of the Richland County Board hoping to raise and discuss unspecified matters pertaining to jail construction. This issue was not on the Board's agenda, but O'Neill requested an opportunity to speak and was given a time slot toward the end of the meeting. The Board adjourned before O'Neill's turn came, however, because an "emotional" discussion about a citizen's improperly. euthanized dog and several other items of business lasted almost two hours, until all but two or three audience members had left the meeting.

On August 15, O'Neill filed suit against the Richland County Board, several of its members, and the State of Illinois, claiming violations of his First Amendment right to free speech and his Fourteenth Amendment right to equal protection under the law. He further made claims under the free speech and equal protection provisions of the Illinois state constitution, and the Illinois Open Meetings Act, 5 Ill. Comp. Stat. Ann. 120/1 (West 2004). The district court dismissed O'Neill's claims against the State of Illinois and denied his motion for appointment of counsel, but allowed the remaining claims to proceed. The Board members then moved for summary judgment, introducing evidence from the depositions of O'Neill himself and three Board members that O'Neill had addressed the Board on the topic of jail construction at other meetings, both before and after July 9, that the Board had no policy or legal obligation to address every agenda item at its meetings, and that it had decided to adjourn simply because its members were tired after the long and difficult discussion that had occupied most of the meeting. In response, O'Neill—who had already filed some 115 motions in the district court—submitted a 1065–page brief in opposition to summary judgment but offered no affidavits, discovery materials, or any other evidence to demonstrate that the Board had adjourned because of an improper motive. *See* Fed. R.Civ.P. 56(e) (adverse party may not rest on allegations from pleadings). Consequently, the district court granted summary judgment for the Board members on O'Neill's remaining claims.

O'Neill appeals only his federal constitutional claims and the district court's denial of his motion for appointment of counsel.

We review the district court's grant of summary judgment *de novo,* and its decision not to appoint counsel for an abuse of discretion. *Gil v. Reed,* 381 F.3d 649, 657–58 (7th Cir.2004).

O'Neill first challenges the district court's grant of summary judgment on his equal protection claim. He argues that since the dog owner—a woman—was allowed to speak and he was not, the board denied him equal protection under the law. Yet the record shows that other men were allowed to address the Board, and O'Neill provided no evidence of intentional gender discrimination. *See Chicago Firefighters Local 2 v. City of Chicago,* 249 F.3d 649, 653 (7th Cir.2001). Therefore, the district court properly granted summary judgment.

Next, O'Neill challenges the district court's resolution of his First Amendment claim that he had an absolute right to speak at the July 9 meeting. The defendants concede that the meeting constituted a "designated public forum." *See DeBoer v. Village of Oak Park,* 267 F.3d 558, 565 (7th Cir.2001) (describing the Supreme Court's three-tiered "forum analysis" in free speech cases). O'Neill produced no evidence, however, that the Board adjourned in order to prevent him from raising the issue of jail construction. Indeed, O'Neill himself admitted that he addressed the Board regarding jail construction at meetings before and after July 9, which shows that the Board did not intend to suppress discussion of that topic or O'Neill's particular viewpoint. *See id.* Therefore, the district court properly concluded that the adjournment was a content-neutral regulation of the time and place of O'Neill's speech that was narrowly tailored to the significant government interest in "the orderly and efficient management of the Board's business." *See Pleasureland Museum, Inc. v. Beutter,* 288 F.3d 988, 1000 (7th Cir.2002). The district court correctly found that no genuine issue of material fact existed on this issue.

Lastly, O'Neill attacks the district court's discretionary denial of his motion for appointment of counsel under 28 U.S.C. § 1915(e)(1). Because counsel would not have made a difference in the outcome of this lawsuit, *see Gil,* 381 F.3d at 656–57, we do not find that the district court abused its discretion.

AFFIRMED.